UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAMES PAYTON SHOWERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:24-cv-00242-SEB-KMB |
| ) | |
| SPECTRUM CHARTER COMMUNICATIONS, ) et al., ) | |
| ) | |
| Defendants. ) | |

### ORDER DENYING MOTION TO COMPEL RULE 26(f) CONFERENCE

*Pro se* Plaintiff James Payton Showers has filed a Moton to Compel Defendants Spectrum Charter Communications and Jessica Fisher to participate in a Rule 26(f) conference. [Dkt. 27.] Defendants oppose that motion, arguing that a Rule 26(f) conference is not necessary at this time because the Court has not set this matter for a scheduling conference. [Dkt. 35 at 3 (citing Fed. R. Civ. P. 26(f)(1) ("the parties must confer as soon as practicable—and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)").] Defendants also argue that Mr. Showers is a vexatious filer and that the Court should stay discovery until it rules on their pending Motion to Dismiss for Failure to State a Claim. [Dkt. 35 at 2-4; *see also* dkt. 27 (Motion to Dismiss for Failure to State a Claim – fully briefed on December 5, 2024).] In reply, Mr. Showers argues that his claims are not frivolous and that a stay of discovery is inappropriate because the Motion to Dismiss does not raise a threshold issue such as jurisdiction, arbitrability, or immunity. [Dkt. 36.]

The purpose of a Rule 26(f) conference is for the parties to meet and confer about a plan for discovery and case management and to discuss the possibility of resolving the case through settlement. Fed. R. Civ. P. 26(f). Because "[a] party may not seek discovery from any source

before the parties have conferred as required by Rule 26(f)," denying Mr. Showers' Motion to Compel the Defendants to participate in a Rule 26(f) conference would effectively serve as a stay of discovery. Fed. R. Civ. P. 26(d)(1).

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). A court may stay a matter through an exercise of its inherent authority to manage litigation or through its authority under Federal Rule of Civil Procedure 26(c). *See, e.g.*, *E.E.O.C. v. Fair Oaks Dairy Farms, LLC*, 2012 WL 3138108, at *2 (N.D. Ind. Aug. 1, 2012). "[The court should] balance interests favoring a stay against interests frustrated by the action in light of the court's paramount obligation to exercise jurisdiction timely in cases properly before it." *U.S. ex rel. Robinson v. Indiana Univ. Health Inc.*, 2015 WL 3961221 (S.D. Ind. June 30, 2015) (internal citation omitted).

Having considered the matter, the Court finds that a stay of discovery pending a resolution of the Defendants' Motion to Dismiss is warranted under the specific circumstances of this case. In making this finding, the Court makes no ruling on the merits of Mr. Showers' claims in this or in any other lawsuit. Instead, the Court notes the Defendants' argument in the briefing on the Motion to Dismiss that Mr. Showers' claims arise from novel assertions about how a person may tender payment to a banking institution. [*See, e.g.*, dkt. 37 at 1 ("As in his prior complaints filed with the Court, all of Mr. Showers' claims in the Amended Complaint continue to presume that a customer can use an invoice for services to pay that same invoice. . . .").] Given this allegedly novel legal argument, the Court finds that the interests of justice would be best served by staying discovery until the District Judge rules on the cognizability of Mr. Showers' claims.

For these reasons, Plaintiff's Motion to Compel participation in a Rule 26(f) conference is **DENIED**. [Dkt. 31.] Discovery is **STAYED** in this case pending a ruling on Defendants' Motion to Dismiss. In the future, the Court encourages the Defendants to file a motion to stay discovery if they believe that a stay is appropriate, rather than simply refusing to participate in a Rule 26(f) conference.

    **SO ORDERED**.

Date: 12/11/2024

Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

JAMES PAYTON SHOWERS
3603 Clarks Creek Rd.
Lot 40
Plainfield, IN 46168