UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAMES PAYTON SHOWERS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:24-cv-00242-SEB-KMB ) |
| SPECTRUM CHARTER COMMUNICATIONS, JESSICA FISCHER, | ) ) ) ) ) |
| Defendants. | ) |

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

Now before the Court is Defendants' Motion to Dismiss Plaintiff's Amended Complaint and, Alternatively, to Enforce Plaintiff's Jury Waiver [Dkt. 27]. Plaintiff James Payton Showers, proceeding *pro se*, has brought this action against his internet service provider, Defendant Charter Communications Operating, LLC, improperly named as Spectrum Charter Communications ("Charter"), and an officer of Charter, Jessica Fischer[1] (collectively, "Defendants"), based on their failure to accept the payment coupon portion of his internet service bill on which Mr. Showers had handwritten "Accepted for Deposit Pay to the Bearer [the amount owed on the bill] without recourse for: JAMES SHOWERS/Principal By: Showers, James Payton/Agent" as legal tender to pay that bill. *See* Dkt. 27-6.[2] Mr. Showers also stamped the back of the coupon as having been

---

[1] The clerk is directed to correct the misspelling of Defendant Jessica Fischer's last name in the case caption.

[2] Because the marked-up bills and payment coupons are referenced in Mr. Showers's amended complaint and central to his claims, we may consider them without treating Defendants' motion

1

"accepted for deposit," accompanied by his signature, and further stamped the top of the billing statement as being: "For presentation to the United States Treasury, for redemption or in exchange for securities of a new issue, in accordance with written instructions submitted by _____[.]" *Id.* The gravamen of the instant litigation is that Defendants' failure to accept this purported delivery of "tender" as full payment for his bill (along with several other identical directives by Mr. Showers to Defendants to apply similar "instrument[s] to [his] account for set-off") constitutes a breach of contract, breach of fiduciary duty, and violates the Uniform Commercial Code and the Securities and Exchange Act of 1934. Defendants have moved to dismiss this action for failure to state a claim and that this litigation is frivolous.

In their motion to dismiss, Defendants have raised numerous meritorious arguments supporting dismissal of Mr. Showers's claims on the merits. However, we will sidestep for the moment a discussion of the merits of those arguments because a complaint that is wholly insubstantial fails to invoke the district court's subject-matter jurisdiction. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998); *In re African-American Slave Descendants Litig.*, 471 F.3d 754, 757 (7th Cir. 2006). When it is clear that a lawsuit is irrational or delusional, the district court must dismiss it, regardless of whether the plaintiff has paid the full filing fee, *see* 28 U.S.C. § 1915(e)(2)(B)(i).

---

to dismiss as one for summary judgment. *See Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998) ("[D]ocuments attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim….") (quotation marks and citation omitted).

Mr. Showers's contention is, in essence, that he may pay his internet service bill by utilizing that same bill; this is nonsensical. The Seventh Circuit Court of Appeals as well as district courts both in our circuit and across the country have repeatedly held that unilaterally tendering a "bill of exchange," including as Mr. Showers alleges he did here, by handwriting an assortment of financial terms on the payment coupons attached to his billing statement has no legal effect and that a refusal by a service provider to accept such manufactured documents as payment of services provided will not discharge the debt. *See*, *e.g.*, *McGee v. Nissan Motor Acceptance Corp.*, 619 Fed. App'x 555 (7th Cir. 2015) (stating that the plaintiff's contention that the creditor defendant's failure to accept the plaintiff's "bill of exchange" operated as a discharge was frivolous); *Thomas v. Capital One*, No. 23-00216-TFM-B, 2024 WL 477027 (S.D. Ala. Jan. 10, 2024) (dismissing as frivolous the plaintiff's claims that his handwritten notations on his credit card payment coupon "bill of exchange" constituted valid payment); *Slaughter v. US Cellular*, No. 23-cv-1642-pp, 2023 WL 9051307, at *5 (Dec. 29, 2023) ("The plaintiff's claims relate solely to his allegation that the defendant refused to accept his 'Bill of Exchange' as payment. As many courts have held, claims invoking the payment of debts by 'bills of exchange' are frivolous and should not be entertained by the court.") (collecting cases); *Wilson v. Aqua Finance*, No. 3:23-5348-SAL-SVH, 2023 WL 7924150 (D.S.C. Oct. 26, 2023) (dismissing as frivolous the plaintiff's claim that the lender defendant's failure to accept her instruction to use a "bill of exchange" to settle her debt was unlawful); *Bryant v. Washington Mut. Bank*, 524 F. Supp. 2d 753, 760 (W.D. Va. 2007) ("Plaintiff's claim

that her Bill of Exchange is a legitimate negotiable instrument is clearly nonsense in almost every detail.").

Mr. Showers's apparent belief that he can tear off the payment coupon portion of his billing statement, doctor it up with handwritten, meaningless jargon, and thereby transform it into a negotiable instrument that constitutes valid legal tender with which he may pay his internet service bill is total nonsense that directly contravenes all of this clear precedent.  Although Mr. Showers has expressly denied being a "sovereign citizen," the theories espoused in his amended complaint "are based in that ideology, are frivolous, and subject to summary dismissal."  *Wilson*, 2023 WL 7924150, at *3; *see also Bey v. State*, 847 F.3d 559, 560–61 (7th Cir. 2017) (outlining the sovereign citizen movement); *United Sates v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) ("These [sovereign citizen] theories should be rejected summarily, however they are presented.); *Sabrina v. Scott Credit Union*, No. 3:23-cv-03611-JPG, 2023 WL 8470105, at *1 (S.D. Ill. Dec. 7, 2023) (rejecting similar "bill of exchange" theories as an "attempt to pervert the justice system").

Given the ridiculousness of the allegations in the amended complaint, which therefore fail to engage the Court's subject-matter jurisdiction, dismissal of this action is required.  Ordinarily dismissals for lack of subject matter jurisdiction are entered without prejudice, but here, it is clear on the face of the complaint that any amendment would be futile.  Accordingly, his complaint is dismissed *with* prejudice.  *See Georgakis v. Illinois State Univ.*, 722 F.3d 1075, 1078 (7th Cir. 2013) ("[A] suit that either is frivolous or … intended to harass, can justifiably be dismissed with prejudice to avoid burdening the

court system with a future suit that should not be brought—anywhere.") (citations omitted); *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004) (observing that leave to amend should be given "[u]nless it is certain from the face of the complaint that any amendment would be futile or otherwise unwarranted").

Dismissal with prejudice is justified by the additional fact that this is not Mr. Showers's first attempt to sue based on these same frivolous theories. Approximately two months prior to his filing of the instant complaint, Mr. Showers filed a similar action against First Premier Bank (the "Bank") and several of its individual officers alleging that he had been issued a credit card by the Bank, and that, like the Defendants now before us, the Bank had refused to accept as payment the coupon attached to the credit card bill that Mr. Showers had returned to the Bank with the handwritten notation: "Accepted for Deposit Payable to bearer without recourse." *Showers v. First Premier Bank*, No. 1:23-cv-02142, 2024 WL 1616316, at *1 (S.D. Ind. Apr. 2, 2024). Mr. Showers similarly alleged that the Bank's refusal to accept the marked-up payment coupon as valid legal tender was unlawful and constituted a breach of Defendants' fiduciary duties. *Id.* Our judicial colleague, the Honorable James R. Sweeney II, dismissed that lawsuit against the Bank and its officers also with prejudice, noting that Mr. Showers's filings, like his submissions here, bore many of the hallmarks of the "sovereign citizen movement," and finding "[t]he whole edifice … nonsense." *Id.*

Having now filed a second lawsuit espousing theories of relief that are patently frivolous and having both dismissed with prejudice, Mr. Showers has exhausted any

5

entitlement to leniency afforded *pro se* litigants. Thus, he is forewarned as follows: if he again files a frivolous lawsuit raising claims of a similar vein, he will likely subject himself to the imposition of sanctions against him, including financial sanctions and/or filing bans.[3] *See, e.g.*, *Secrease v. Western and Southern Life Ins. Co.*, 800 F.3d 397, 401 (7th Cir. 2015); *Dix v. Edelman Fin. Servs., LLC*, 978 F.3d 507, 521 (7th Cir. 2020).

For these reasons, Defendants' Motion to Dismiss [Dkt. 27] is GRANTED and this action is dismissed with prejudice. Final judgment shall enter accordingly.

IT IS SO ORDERED.

Date: 12/12/2024

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JAMES PAYTON SHOWERS
3603 Clarks Creek Rd.
Lot 40
Plainfield, IN 46168

Lea Pauley Goff
Stoll Keenon Ogden PLLC
lea.goff@skofirm.com

Emily Lynn Pagorski
Stoll Keenon Ogden PLLC
emily.pagorski@skofirm.com

Komal Tailor
Stoll Keenon Ogden PLLC
komal.tailor@skofirm.com

---

[3] The docket reflects that Mr. Showers recently filed a third lawsuit in our court with similar allegations. *See Showers v. Synchrony Bank*, Case No. 1:24-cv-02006-JRS-CSW. The Court has not yet taken any action in that case, but a copy of this order will be provided to Judge Sweeney.